UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ORLANDIS M. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:09-cv-0345-DFH-JMS |
| | ) | |
| ROBERT SALINAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Directing Dismissal of Action**

The complaint of Orlandis M. Brown must be dismissed pursuant to 28 U.S.C. § 1915A(b) if it fails to state a claim upon which relief can be granted. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Brown's action is brought pursuant to 42 U.S.C. § 1983 and is based on his allegation that the defendants defamed him through statements made to a Kokomo, Indiana newspaper. However, "the Constitution does not protect individuals against mere defamation," *Robbins v. Bentsen*, 41 F.3d 1195, 1200 (7th Cir. 1994) (citing *Paul v. Davis*, 424 U.S. 693, 711-12(1976)), and no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992)(without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 5/20/2009